IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**ANGELA NAILS,**

             Plaintiff,                          No. 3:21-cv-00220-MO

    v.

                                          OPINION AND ORDER

**BUREAU OF LABOR AND INDUSTRIES,**

             Defendant.

**MOSMAN, J.,**

    Plaintiff Angela Nails brings this action against Defendant Bureau of Labor and Industries. Ms. Nails has applied to proceed in forma pauperis ("IFP"). I GRANT her Application for Leave to Proceed IFP [ECF 2]. However, for the following reasons, I DISMISS her Complaint [ECF 1].

## BACKGROUND

    Although Ms. Nails names Bureau of Labor and Industries as the Defendant, she asserts her complaint "is against the Attorney hired by the Plaintiff to go before the court for a hearing." Compl. [ECF 1] at 1. Ms. Nails alleges she paid a $1,500 retainer as part of a contract with an attorney. *Id.* Under the terms of the contract, the attorney was supposed to attend a hearing but "forgot about the court date." *Id.* The attorney has refused Ms. Nails's requests to return the money. *Id.*

1 – OPINION AND ORDER

As to the named Defendant, Ms. Nails claims Bureau of Labor and Industries "refuse[s] to control the ethics behavior of the Attorney asking the return of the Plaintiff money." *Id.* She claims Bureau of Labor and Industries owes her money "for not making efforts to complete the complaint in the favor of the Plaintiff the return of the Plaintiff monies and a complaint to be placed into the file of the Attorney for ethical behavior." *Id.* Ms. Nails seeks $1,000,000 in damages. *Id.* at 2.

## DISCUSSION

I must dismiss a complaint filed IFP before service of process if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint must contain (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Rule 8 "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A "complaint 'must provide sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.'" *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016) (alteration accepted) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)). The factual allegations must "plausibly suggest an entitlement to relief." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

2 – OPINION AND ORDER

Courts must construe pro se pleadings liberally and give plaintiff the benefit of the doubt. *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003). "Although a *pro se* litigant . . . may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). "Unless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

Here, Ms. Nail's complaint fails to satisfy Rule 8. Of the rule's three requirements, her complaint meets only one: it contains a demand for the relief sought. The complaint lacks a short and plain statement of the grounds for the court's jurisdiction. In fact, the complaint does not even mention jurisdiction. Additionally, the complaint lacks a short and plain statement of the claim showing that the pleader is entitled to relief. Although Bureau of Labor and Industries is the named Defendant, the complaint almost exclusively discusses the conduct of an unnamed attorney. It is unclear what affiliation, if any, the attorney had or has with Bureau of Labor and Industries. Ms. Nails's claims against the named Defendant fare no better. It is unclear why Bureau of Labor and Industries had a duty to control the unnamed attorney's "ethics behavior" or "to complete the complaint in the favor of the Plaintiff." Compl. [ECF 1] at 1.

If Ms. Nails chooses to file an amended complaint, she must comply with the pleading standards described above. Specifically, she must provide a short and plain statement of the grounds for the court's jurisdiction. And she must provide a short and plain statement that describes what Bureau of Labor and Industries did, when it did it, and why that action (or failure

to act) violated her rights or broke the law. Additionally, she must identify the law that entitles her to relief.

## CONCLUSION

I GRANT the Application for Leave to Proceed IFP [ECF 2], and I DISMISS the Complaint [ECF 1] without prejudice. Ms. Nails is granted leave to file an amended complaint that satisfies the requirements described above. She shall file an amended complaint, if any, by April 19, 2021. If Ms. Nails fails to file an amended complaint, this case will be dismissed with prejudice.

IT IS SO ORDERED.

DATED this 19th day of March, 2021.

MICHAEL W. MOSMAN
United States District Judge

4 – OPINION AND ORDER